■ In the Matter of the Claim of MARIE G. BERRY, Respondent, v. B. GERTZ, INC., et al., Appellants. WORNMEN'S COMPENSATION BOARD, Respondent.—Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board which unanimously affirmed a Referee's decision that claimant sustained an accident arising out of and in the course of employment. Claimant worked as a sales clerk in the employer's department store located in a shopping center in Hicksville, N. Y. The employer's store is one of many retail outlets in the shopping plaza. The stores are all grouped in the center of a mall which is completely surrounded by parking fields estimated to accommodate 8,000 cars. The parking area is operated by the owners of the entire shopping center and the employer appellant has no ownership or control over this area whatever. The parking area is for the use of the employees as well as the customers of the various stores. There is no charge to park and employees of the employer appellant were allowed to park their cars anywhere in the parking area. On December 20, 1962, the claimant went to work around noon and stopped work at approximately 6 o'clock for supper. As was her custom when working in the evening, claimant drove home for her supper hour. She returned around 7 o'clock and parked her car in the parking field. When she was alighting from her car, claimant fell and fractured her wrist. The board in affirming the award

stated: "The parking facilities are open to use by the buying public and persons employed at the shopping center, and while it may be said that the parking facilities are primarily for the convenience of the shoppers, they are likewise a convenience to the employers and employees doing business at the shopping center. Its use by such employees furthered the interests of their respective employers and the accident having occurred within the parking area, it is the opinion of the Board that the occurrence was a reasonable incident of the employment, and arose out of and in the course thereof." Appellant raises the issue that since the parking area was not owned, controlled or maintained by the employer, the accident did not arise out of claimant's employment. This argument was rejected in *Matter of Rosenwasser* v. *Lanes Lake Success* (9 A D 2d 1001) where claimant fell in a shopping center parking lot while walking toward her employer's store, as her employment required, and we held that under the circumstances the parking lot was part of the employer's precincts although not under the employer's jurisdiction. (See, also, *Chadwick* v. *Clark*, 19 A D 2d 679.) The question of whether or not the accident happened as an incident and risk of employment was within the realm of the fact-finders. (*Matter of Rosenwasser* v. *Lanes Lake Success*, *supra*; *Matter of Brienza* v. *Le Chase Constr. Corp.*, 17 A D 2d 83.) We believe that under the circumstances of this case the finding that the accident arose out of and in the course of employment is substantiated by the record. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.