█ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ANTHONY JOSEPH LA ROSA, Respondent.— *Per Curiam.* The People of the State of New York appeal from an order of the County Court of Ulster County suppressing, pursuant to section 813-c of the Code of Criminal Procedure, two weapons seized by members of the State Police. On August 26, 1963 the State Police received a complaint from one Donnell that someone had fired several gunshots at him through the rear of his home. Their investigation revealed ownership by defendant of a vacant wooded area located about one-half mile distant from Donnell's home and otherwise apparently remote from human habitation to which, on the morning of the shooting incident, he had been removing unidentified objects from his motor vehicle parked on an adjacent public highway. In the afternoon of the same day defendant was intercepted en route to his home in New York City, taken into custody and conveyed to a State Police barracks for questioning in the course of which he disclosed that on the day of the event which was under investigation he had secreted two guns on his property. Thereafter the police, accompanied by defendant, went to the hiding place, removed the covering material from the cache and found a rifle and a revolver encased in a canvas gun pouch. The weapons were thereupon seized by the police officers. Concededly, the search was made and the guns seized without a warrant. Alleging an unconstitutional search and seizure defendant moved for the return of the weapons and their suppression as evidence. Following a hearing the County Court concluded that the State Police had probable cause to arrest the defendant for a felony but that the subsequent search of his premises was not an incident to the lawful arrest and therefore constituted an illegal search to which defendant had not knowingly and voluntarily consented. It has long been the Federal case law that the protection accorded to the People " in their persons, houses, papers, and effects, against unreasonable searches and seizures " by the Fourth Amendment of the United States Constitution (see, also, N. Y. Const., art. I, § 12), enforcible against the States through its due process clause (U. S. Const., 14th Amdt., § 1; *Stefanelli* v. *Minard*, 342 U. S. 117), does not extend to an open field such as that involved here and that the search of such a place without a warrant is not constitutionally unreasonable. (*Hester* v. *United*

*States,* 265 U. S. 57; *Monnette* v. *United States,* 299 F. 2d 847; *United States* v. *Sorce,* 325 F. 2d 84, cert. den. 376 U. S. 931; *United States* v. *Hassell,* 366 F. 2d 684, cert. den. 380 U. S. 965.) Order reversed on the law and the facts, and motion denied. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.