516 P.2d 1232

Robert A. GAUGHAN, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Nantucket Lobster Trap, Respondent Employer,

Maryland Casualty Company, Respondent Carrier.

No. I CA–IC 855.

Court of Appeals of Arizona, Division 1, Department A.

Dec. 18, 1973.

Rehearing Denied Feb. 13, 1974.

Review Denied March 12, 1974.

**138**

———◆———

Chris T. Johnson, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, The Industrial Commission of Ariz., for respondent.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Ralph E. Mahowald, Phoenix, for respondent employer and respondent carrier.

## OPINION

DONOFRIO, Presiding Judge.

This matter is before us by writ of certiorari to review the lawfulness of an award and findings of The Industrial Commission of Arizona determining that petitioner had a noncompensable claim because he did not sustain an injury by an accident arising out of and in the course and scope of his employment.

Briefly, the facts are as follows: Petitioner was employed a waiter by the respondent employer. His normal working hours were from approximately 4:45 p.m. until business slowed down later in the evening. November 4, 1971 was a particularly slow night and petitioner was officially checked out at 9:15 p.m. He cleaned up the dining room to which he was assigned until approximately 10:00 p.m., drank a beer at the bar, and from approximately 10:15 until about 11:30 p.m. or midnight helped a co-employee, who was acting as headwaiter for the evening, clean up the other dining rooms and kitchen, and set tables for the following day's business. The co-employee requested petitioner's assistance in this regard and petitioner obliged. Petitioner proceeded to leave his employer's premises a little after midnight. As he walked outside on the sidewalk, *which is on the premises leased by the employer,* he slipped on water which had been used to wash oysters and back-flush the lobster tank and fell, injuring his back.

After a formal hearing held on April 11 1972, the hearing officer found, *inter alia,* that petitioner's injury did not arise out of and in the course of employment because he was "coming from" his employment, which was not compensable under then existing Arizona law. On July 27, 1972, the Industrial Commission entered a decision affirming the hearing officer's decision.

We have studied this case in the light of late pronouncements by our Supreme Court. The court recently held in Pauley v. Industrial Commission, 109 Ariz. 298, 508 P.2d 1160 (1973), that:

> ". . . when an employee is going to or coming from his place of work and is on the employer's premises he is within the protective ambit of the Workmen's Compensation Act, at least when using the customary means of ingress and egress or route of employee's travel or is otherwise injured in a place he may reasonably be expected to be." 508 P.2d at 1164

First of all, the hearing officer's finding that petitioner was "coming from" his place of employment is reasonably supported by the evidence. This, coupled with the law as amended in Pauley, *supra,* would establish that petitioner sustained his injury by an accident arising out of and in the course and scope of his employment.

The award is therefore set aside.

STEVENS and EUBANK, JJ., concur.