554 P.2d 705 (1976)
WOODRUFF WORLD TRAVEL, INC., Petitioner,
v.
INDUSTRIAL COMMISSION of Colorado et al., Respondents.
No. 76-134.
Colorado Court of Appeals, Div. I.
July 1, 1976.
As Modified on Denial of Rehearing August 5, 1976.
Certiorari Denied September 20, 1976.
*706 H. R. McCollister, Denver, for petitioner.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Louis L. Kelley, Asst. Attys. Gen., Denver, for respondent Industrial Commission of Colorado.
John F. Griebel, George T. Ashen, Denver, for respondent Betty Lou Espinosa.
Selected for Official Publication.
RULAND, Judge.
Petitioner, Woodruff World Travel, Inc., seeks this review of an order of the Industrial Commission awarding workmen's compensation benefits to claimant, Betty Espinosa. We affirm.
At the outset, we note that we have considered claimant's contention that Woodruff's appeal should be dismissed, based upon procedural errors before the Commission, and find that contention to be without merit.
Except for evidence relative to the extent of claimant's permanent disability, the facts pertinent to this review are not disputed.
Woodruff operated its business in leased space on the first floor of a three-story office building in Denver. Claimant was employed by Woodruff as a secretary-receptionist. A parking lot was erected by Woodruff's landlord adjacent to the office building, and free parking was provided thereon for employees of the tenants of the building. Claimant used her automobile for transportation to and from work, obtained a parking sticker from an agent of the landlord, and parked her automobile on the lot during working hours.
After completing work on January 9, 1973, claimant was crossing the parking lot to enter her automobile when she slipped and fell on some ice, fracturing her left hip. The fracture required two surgical procedures. Following the surgery, claimant experienced pain, stiffness, and some numbness in her left hip. Two physicians were called to testify as experts relative to claimant's disability. The first opined that claimant was permanently injured to the extent of 15 percent as a working unit. While the second physician concluded that claimant had a "five percent permanent disability as rated at the left hip," he found no permanent disability to claimant as a working unit.
The referee made findings of fact and conclusions determining that claimant was injured within the course of her employment and awarded permanent disability to the extent of seven and one-half percent as a working unit. Upon review, supplemental findings were made by the Assistant Director of the Division of Labor and the findings and award were approved by the Industrial Commission.
The parties agree that, as a general rule, injuries received by an employee off the employer's premises are not compensable *707 when such injuries occur after the fixed hours of employment and in the course of going to or coming from work. See Industrial Commission v. Anderson, 69 Colo. 147, 169 P. 135; Walsh v. Industrial Commission, 34 Colo.App. 371, 527 P.2d 1180. Relying upon State Compensation Insurance Fund v. Walter, 143 Colo. 549, 354 P. 2d 591, Woodruff first contends that the general rule is applicable to this case since the parking lot was neither owned, maintained by, nor subject to its control, and since it did not require claimant to follow a particular route to and from her employment or to use her automobile and park in the lot. We disagree with Woodruff's interpretation of the Walter decision.
While the Court in that case approved an award of benefits to an employee injured while crossing a public street to reach the employer's parking lot after working hours, we do not construe the holding in that case as limited to cases where an employee is injured near or on a parking lot owned, maintained, or controlled by the employer. Rather, that case established an exception to the general rule regarding off-premises injuries to the effect that if special circumstances surrounding the employee's injury reflect a causal connection between the conditions under which the work is to be performed and the resulting off-premises injury, compensation is proper. This exception has been applied by the appellate courts in this jurisdiction in various factual situations. See e.g., Berry's Coffee Shop, Inc. v. Palomba, 161 Colo. 369, 423 P.2d 2; Walsh v. Industrial Commission, supra; Kitchens v. Department of Labor, 29 Colo. App. 374, 486 P.2d 474.
In the case at bar, we agree with the Commission that there are special circumstances which reflect a causal connection between claimant's employment and her injury. Space in the parking lot was afforded Woodruff for the use of its employees, and Woodruff was aware that its employees used the lot. Parking privileges constituted an obvious fringe benefit to claimant. Claimant was injured while in the act of enjoying that benefit. Hence, the necessary causal connection appears.
Woodruff next contends that the Commission erred in allowing claimant to amend her claim so as to include a claim for permanent partial disability. This contention lacks merit.
The initial claim form filed by claimant with the Commission contained the following inquiry: "Do you Claim to Have Any Permanent Disability?" In response claimant answered: "no, not at this point." Thereafter by letter to the Commission, counsel for claimant advised that the claim should be amended to reflect permanent injury. Woodruff filed no objections to the proposed amendment, and evidence was adduced by both parties relative to that issue at a subsequent hearing. Hence, even assuming that formal permission of the Commission was required to amend claimant's claim, we conclude that the issue was tried by consent of the parties. See Industrial Commission Rules of Procedure XX ¶ 13 (effective July 1, 1966); C.R.C.P. 15(b).
Finally, Woodruff contends that the findings of the referee, supplemented by the Assistant Director, and adopted by the Commission, fail to contain sufficient evidentiary and ultimate facts to support the award of permanent partial disability. We disagree.
Claimant's uncontradicted testimony was to the effect that after she works for several hours as a secretary her hip becomes stiff, and that she continues to suffer pain. Her ability to work is thus impaired as is the efficiency of her body. See Wierman v. Tunnell, 108 Colo. 544, 120 P.2d 638. The Assistant Director's supplementary findings recited the conflicting testimony relative to permanent disability and then approved the referee's resolution of this conflict by determining that claimant suffered permanent partial disability to the extent of seven and one-half percent. It thus readily appears *708 that the referee adopted the opinion of the physician who found permanent disability to claimant as a working unit, but did not accept the percentage disability suggested by that physician. Under the circumstances, the findings are sufficient to advise this court of the basis for the Commission's award.
Order affirmed.
COYTE and PIERCE, JJ., concur.