Theresa J. MERRILL, Respondent,

v.

J. C. PENNEY and Travelers Insurance Company, Relators,

Liberty Mutual Insurance Company, Respondent.

No. 47105.

Supreme Court of Minnesota.

July 15, 1977.

Cousineau, McGuire, Shaughnessy & Anderson and Robert J. McGuire, Minneapolis, for relators.

Grose, Von Holtum, Von Holtum, Sieben & Schmidt and Timothy J. McCoy, Minneapolis, for Merrill.

Van Eps & Gilmore and Michael Forde, Minneapolis, for Liberty Mutual.

PER CURIAM.

The Worker's Compensation Court of Appeals affirmed an award of compensation benefits to Theresa J. Merrill for disability caused by injuries she sustained in December 1972 and April 1973 while an employee of J. C. Penney Company. Employer and Travelers Insurance Company, its insurer at the time of the 1972 injury, sought review of the decision, challenging the board's finding that this injury arose out of and in the course of Mrs. Merrill's employment. We affirm.

Employee worked at Penney's store in Brookdale, a shopping center owned by Dayton Hudson Corporation. Dayton Hudson retained control over the parking lots and other common areas in the center, entering into leases which obligated it to furnish its tenants and their customers parking space and required the tenants to pay on a pro rata basis the cost of maintaining the parking facilities. Most of the year Penney's employees parked in an area near the store. A few weeks before Christmas 1972, Dayton Hudson sent a directive to Penney's stating that Penney's employees should park in the more distant overflow parking lot so that a greater number of customers could obtain parking spaces near the stores in the center. Penney's store manager approved the directive and placed it on the employees' bulletin board. He testified that Penney's was responsible for enforcing the directive.

Employee was injured when she fell in the overflow parking lot on December 19 shortly before her workday was to begin. Penney's and Travelers contend she did not sustain a compensable injury because the fall did not occur on Penney's premises and because she had been exposed only to risks to which the public as a whole was exposed and not to hazards peculiar to her employment.

The relevant statute, Minn.St. 176.011, subd. 16, provides in part:

" 'Personal injury' means injury arising out of and in the course of employment

* * * but does not cover an employee except while engaged in, on, or about the premises where his services require his presence as part of such services at the time of the injury and during the hours of said service."

■ Because of the "premises" requirement, an employee injured in going to or away from the place he works ordinarily is not entitled to benefits unless he is engaged in a special service for his employer. 1 Larson, Workmen's Compensation Law, § 15.00. Employee contends, however, that her injury occurred on Penney's premises.

This court has not considered whether a shopping center parking lot, owned, maintained, and controlled by the owner of the center but available for its tenants' use pursuant to leases which require them to pay pro rata the cost of maintaining the lot, can be a part of a tenant-employer's premises. We have recognized that premises may cover an area greater than the actual working place of the employee. In *Goff v. Farmers Union Accounting Service, Inc.*, Minn., 241 N.W.2d 315 (1976), a parking lot across the street from the building in which the employee worked, used by employees and the public and not owned by the employer, was considered part of the employer's premises. In *Faust v. State, Dept. of Revenue*, Minn., 252 N.W.2d 855 (1977), that part of the State Capitol Mall complex across the street from the Centennial Building, in which the employer had offices, was held to be a part of the employer's premises upon evidence that employees commonly used the mall as a place to eat lunch.

Other jurisdictions have held shopping center parking lots to be part of the premises of a tenant-employer where the employer has permitted his employees to use them. See, 1 Larson, Workmen's Compensation Law, § 15.41, p. 4–46:

" * * * [I]f a shopping center parking lot is used by employees of businesses located in the center, the rule [that a parking lot used by employees is a part of the premises] is applicable."

The basis for the rule is stated in *Frishkorn v. Flowers,* 26 Ohio App.2d 165, 167, 55 Ohio O.2d 310, 311, 270 N.E.2d 366, 368 (1971):

"It would be impractical and illogical to apply this principle [that an area cannot be a part of the employer's premises if he does not have control over it] to a shopping plaza consisting of multiple independent businesses, each of which would have to be an owner in common with all the other tenants in order to share a nebulous control over its geographical confines and simulate a joint zone of employment. Such concept is too narrow and restrictive and is as outmoded as holding that an accident sustained by an employee going to or leaving work by means of an elevator or stairway in a building shared in common by different tenants, did not occur in the course of or arise out of the employment because the elevator or stairway was not part of the premises over which the employee's particular employer exercised any control at the time and place of the accident.

"In contrast, the control of the premises test in this case should be viewed in the light of the control the employer has over claimant's work activities in the employment environment and whether such activities were reasonably incidental to and part of the necessary obligations of his job. * * *

* * * * * *

"In the instant case, the parking area was appellant's normal and customary means to and from his employer's premises * * *. In reality, the employer and the other tenants of the Great Northern Shopping Center, having reciprocal rental rights and privileges, were also accorded the common use and access of the parking area. Logically, to that extent, this was tantamount to an essential expansion of their respective premises for the purpose of adequately serving and furthering their business interests."

■ We agree with this analysis and hold that employee's injury occurred on her employer's premises. Although employee was injured before she reached the place where she actually worked, the protection of the

Worker's Compensation Act clearly extended to her at the time she was injured. See, *Nelson v. City of St. Paul,* 249 Minn. 53, 81 N.W.2d 272 (1957); *Olson v. Trinity Lodge,* 226 Minn. 141, 32 N.W.2d 255 (1948); *Simonson v. Knight,* 174 Minn. 491, 219 N.W. 869 (1928). The disability resulting from her injury is thus compensable, and the decision of the Worker's Compensation Court of Appeals is affirmed.

Respondent is allowed $350 attorneys fees.

Affirmed.