■　In the Matter of the Claim of ANN NEELY, Respondent, v G. W. MORRISON, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed February 5, 1980. Claimant was injured when she slipped and fell while crossing an alleyway adjacent to the entrance to her place of employment. While the record contains conflicting evidence as to who owned the alleyway, there is no suggestion that it was owned by the employer. Nor is there any evidence that the employer was under a duty to maintain the alleyway. The board found as follows: "The alleyway was within the precinct of the employment and used for the convenience of the employer and his employees. Claimant is entitled to safe ingress and egress to the employment. The accidental injury occurred in the course of such employment and arose thereof." Claimant testified that she was told by the employer to use the entrance adjacent to the alleyway and that she was discouraged by the employer from using any other entrance. The employer's testimony to the contrary presented at most questions of fact involving credibility and conflicting testimony which were for the board to resolve *(Matter of Ruane v Cushman,* 70 AD2d 697), and, therefore, the board could conclude that the need for claimant to cross the ice-covered alleyway constituted a risk of employment not shared by the

public generally (see *Matter of Husted v Seneca Steel Serv.,* 41 NY2d 140, and cases cited therein). As the court explained in *Husted (supra,* p 144): "While the general rule is that accidents occurring on the public highway, away from the place of employment and outside regular working hours, do not arise out of and in the course of employment, it is equally true that, as the employee comes in closer proximity with his employment situs, there develops 'a gray area' where risks of street travel merge with the risks attendant with employment and where the mere fact that the accident took place on a public road or sidewalk may not *ipso facto* negate the right to compensation * * *. When the employee advances to the point where he is engaging in an act or series of acts which are part and parcel of the entrance into the employment premises, the test of compensability is whether there is such a relationship existing between the accident and the employment as to bring the former within the range of the latter * * * or, stated differently, whether the accident happened as an incident and risk of employment" (citations omitted). Since there is substantial evidence to support the board's decision, it must be affirmed. Decision affirmed, with one bill of costs to respondents against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Main, Mikoll and Casey, JJ., concur.