■ In the Matter of the Claim of JACKI BROOKS, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed March 27, 1981, which held that claimant's accident arose out of and in the course of her employment. Claimant was injured when she slipped on snow while stepping out of a co-worker's car which was parked in a privately owned lot adjacent to the employer's premises. The incident occurred at approximately 5:30 A.M. on a workday scheduled to begin at 6:00 A.M. The board decision stated: "Upon review, the Board Panel finds based on claimant's testimony, that claimant was in the precincts of her employment when she sustained her accident." The employer contends that the injury did not arise out of and in the course of employment. It is undisputed that the employer neither owned the lot, nor was under a duty to maintain it. Nonetheless, claimant testified that the employer designated an area within the lot for its employees to utilize, and reimbursed certain employees for their parking expenses. The co-worker's car was assigned to spot number one in the designated section. In our view, the board could properly conclude that the need for claimant to cross the snow-covered parking lot constituted a risk of employment not shared by the general public (see *Matter of Husted v Seneca Steel Serv.*, 41 NY2d 140, and cases cited therein; *Matter of Neely v G. W. Morrison, Inc.*, 79 AD2d 803). Clearly, claimant had arrived to commence her workday and was in the process of entering the employment premises when injured. This case comes within the delineated "gray area" pronounced in *Husted* (*supra*, p 144) where an employee's proximity to the employment situs brings the accident within the range of the employment. Finally, contrary to the employer's contention, the board properly relied on facts set forth at an evidentiary hearing before the board (see 12 NYCRR 300.13 [a]). Since there is substantial evidence to support the board's decision, it must be affirmed. Decision affirmed, with costs to the Workers' Compensation Board. Sweeney, J. P., Main, Casey and Weiss, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum.

Mikoll, J. (dissenting). I respectfully dissent. The facts in the instant matter are not in dispute. Claimant, a repair service attendant, injured her foot upon alighting from a co-worker's car which was parked in a public parking lot adjacent to the employer's premises and owned by a Roy Park. The co-worker personally paid for parking privileges. Several parking spots in the lot were reserved by the employer for its executive personnel. The fall occurred about a half hour before claimant's starting time. The board's finding that claimant's injury occurred in the course of her employment is not supported by substantial evidence. It is a general rule that employees do not enter into the course of employment until they reach the premises or the entrance to the premises of their employer. Exceptions to this rule have been found where the off-premises is the only or normal or usual route for entry by employees. Here there is absent any evidence that the public parking lot in which claimant was injured falls within such exception. We note, too, that the employer neither arranged for exclusive use of the lot nor did he encourage its use. There is absent any showing of a close association of the lot with the work premises so as to make the lot a precinct of employment (see *Matter of Husted v Seneca Steel Serv.*, 41 NY2d 140). The decision should be reversed and the claim dismissed.