Argued and submitted July 20, affirmed October 5, 1983

In the Matter of the Compensation of
Pauline Cutter, Claimant.

MONTGOMERY WARD,
*Petitioner,*

*v.*

CUTTER,
*Respondent.*

(81-05803; CA A27134)

669 P2d 1181

Allan M. Muir, Portland, argued the cause for petitioner. With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

J. Michael Alexander, Salem, argued the cause for respondent. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Employer appeals from an order on review of the Workers' Compensation Board affirming the referee's decision that claimant's injury was compensable. We affirm.

The facts are not disputed. Claimant is an employe of a store located in a shopping mall. She injured her left ankle on May 26, 1981, while she was returning to work after doing a personal errand at the bank during her lunch break. She had parked her car in the portion of the mall parking lot where she had been instructed to park, an area which had been designated by the mall operator as one in which this store's employes were to park. While walking in a direct line from her car to the store, claimant stepped in a hole in the parking lot, causing the injury about which she complains. Her injury occurred only a few feet from an area through which claimant was required to pass daily during the course of her regular employment in walking between employer's main store and its automobile department in a separate, but adjacent, building. Although the mall owners provided regular maintenance and supervision of the parking lot, employer paid a common area fee for those services and could require the owners to make repairs.

Employer contends that claimant's accident did not "arise out of and in the course of employment," as required by ORS 656.005(8)(a), and is, therefore, not compensable. Although that language consistently has been given a broad and liberal construction in order to effectuate the legislative intention, *Stuhr v. State Ind. Acc. Comm.,* 186 Or 629, 208 P2d 450 (1949), injuries received while a claimant is going to or coming from work are not compensable, as a general rule. *Adamson v. The Dalles Cherry Growers, Inc.,* 54 Or App 52, 56, 633 P2d 1316 (1981). An exception to that rule is that an injury may be compensable, even if it occurs while the claimant is going to or coming from work, if it occurs on the premises of the employer.[1] No Oregon appellate court has been called upon

---

[1] In *Otto v. Moak Chevrolet,* 36 Or App 149, 583 P2d 594 (1978), *rev den* 285 Or 319 (1979), we held that there was an exception to the "on the premises" doctrine if the injury occurs while the claimant is on a personal comfort mission on the premises and there are no work-related conditions that contribute to the injury. However, we stated in *Wallace v. Green Thumb, Inc.,* 61 Or App 695, 658 P2d 560, *rev allowed* 294 Or 792 (1983), that *Otto* is no longer viable, given *Rogers v. SAIF,* 289 Or 633, 616 P2d 485 (1980), and *Clark v. U.S. Plywood, infra.*

to decide whether a parking lot, which is a part of a shopping mall, constitutes a part of the premises of the employer-tenant of the shopping mall such that an injury sustained there by an employe of the tenant is compensable under the Act. Although we need not answer that question fully here, we hold that the portion of the parking lot where claimant was injured was a part of the employer's premises and that claimant is entitled to compensation.

■    Oregon cases have uniformly held that injuries that occur in parking lots that are owned or maintained by the employer arise out of and in the course of employment and are compensable. If the injury occurs in a parking lot or other off-premises area over which the employer has no control, it is generally not compensable. *Montgomery v. State Ind. Acc. Comm.,* 224 Or 380, 356 P2d 524 (1960); *Kowcun v. Bybee,* 182 Or 271, 186 P2d 790 (1947); *Adamson v. The Dalles Cherry Growers, Inc., supra; Rohrs v. SAIF,* 27 Or App 505, 556 P2d 714 (1976); *Willis v. SAIF,* 3 Or App 565, 475 P2d 986 (1970).

Although courts in other jurisdictions are divided, a majority of those that have considered the question have held that an injury that occurs in a shopping center parking lot while an employe of a tenant is going to or coming from work is compensable.[2] However, we need not go so far here, because, although claimant fell while returning to work from her lunch hour, she fell in an area through which she was required by her work to travel repeatedly on a daily basis. Further, she was injured in a portion of the parking lot where she was required to park and in which employer had the right to have its employes park. Employer could have required the shopping mall to repair the hole.

■■    Under these facts, it is clear that the portion of the parking lot where claimant was injured was sufficiently within employer's control to be treated as part of its premises for the

---

[2] The following jurisdictions hold such injuries to be compensable: *Barfield v. Giant Food, Inc.,* 16 Md App 726 299 A2d 523, (1973); *Merrill v. J. C. Penney,* 256 NW2d 518 (Minn 1977); *People v. LaRosa,* 267 NYS2d 235, 25 AD2d 587 (1966); *Frishkorn v. Flowers,* 26 Ohio App 2d 165, 270 NE2d 366 (1971); *Hall v. Goodman Company,* 456 A2d 1029 (Pa Sup Ct 1983). The jurisdictions holding that such injuries are not compensable are: *Barham v. Food World,* 300 NC 329, 266 SE2d 676 (1980); *White v. Milk Producers, Inc.,* 496 P2d 1172 (Okla 1972); *Pacific Employers Ins. Co. v. Booker,* 553 SW2d 586 (Tenn 1977).

purpose of the Workers' Compensation Law. Because claimant was injured on employer's premises, it matters not that her injury occurred while she was returning from an activity permitted her by employer during her lunch break. *See Clark v. U.S. Plywood,* 288 Or 255, 605 P2d 265 (1980).

Affirmed.