690 P.2d 802

**P.B. BELL & ASSOCIATES,**
**Petitioner Employer,**

**Argonaut Insurance Company,**
**Petitioner Carrier,**

v.

The **INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Jean Sandrone, Respondent Employee.**

**No. 1 CA–IC 3139.**

Court of Appeals of Arizona,
Division 1, Department B.

Sept. 13, 1984.

Review Denied Nov. 6, 1984.

502

Jennings, Strouss & Salmon by Steven C. Lester, Phoenix, for petitioner employer and petitioner carrier.

Sandra Day, Chief Counsel, Indus. Com'n of Ariz., Phoenix, for respondent.

Timothy J. Kamper, Phoenix, for respondent employee.

## OPINION

OGG, Judge.

The issue presented in this special action review of an Industrial Commission award is whether claimant's injury arose out of or in the course of her employment. We hold that the administrative law judge correctly concluded that it did and affirm the award.

The necessary facts are relatively simple and not in dispute. Respondent employee Jean Sandrone (claimant) was employed as an accounts payable clerk by petitioner employer P.B. Bell & Associates (Bell). Claimant did not drive to work but was dropped off by her daughter at the front of the building.

Bell was one of several tenants that leased office space in the Colonial Square Building. To the south of the building, uncovered parking was available for the tenants' employees who drove to work. In addition, there were some covered parking spaces. It is uncontroverted that Bell leased three of these covered parking spaces, paying an additional fee for their use. These spaces were for the use of specified persons. All other Bell employees who drove could park their cars in the uncovered spaces in the southern lot. One of the covered spaces leased by Bell was allotted to the administrative manager, Mary Carol Rogers.

On December 23, 1982, pursuant to previous discussion, claimant, Rogers and two others had plans for a luncheon. The administrative law judge found as a fact that the occasion was a purely social event, and that finding is adequately supported by the evidence. The four were to ride in Rogers' car, which was parked in her usual covered space. To reach the car, the employees exited the building by a door on the south side of the building. The concrete platform directly outside of the door was one step above the sidewalk running along the side of the building. The sidewalk was one step above the parking lot. This was the exclusive ingress and egress used by Rogers. The claimant missed a step, fell, and broke her left hip.

Following the compensability hearing, the administrative law judge issued his findings and award for compensable claim. As noted above, he found that the luncheon was a social, rather than a business function. His other key finding was Number 5, which reads as follows:

Mary Carol Rogers was the administrative office manager of the defendant employer and she invited the three other women in the employer's office to go to a pre-Christmas lunch party at the Doubletree Inn on December 23, 1982. The arrangements were made sometime before that date. About noon of December 23, 1982, the four women went out the back door of the building in which the employer's offices were situated along with other tenants of the office complex. Applicant thought two of four were ahead of her. In any event, applicant managed to step down from the door threshold onto the sidewalk, but she fell at the sidewalk step down to the parking lot surface. The four were headed for Mary Carol Roger's car, which was parked in one of three parking slots provided by the employer. Applicant testified that she had never used that particular exit from the building before and was unfamiliar with it. The case of *Pauley v. Industrial Commission*, 109 Ariz. 298, 508 P.2d 1160 (1973) is generally considered to have adopted for Arizona the "on premises rule" whereby an injury while going to or from work is considered as arising out of and in the course of work and therefore compensable. It is interesting to note that this

case did not hold for the rule because it was not shown that the injury took place on the premises. Nevertheless, the opinion states that the case overrules prior inconsistent cases. See *Gaughan v. Industrial Commission*, 21 Ariz.App. 137, 516 P.2d 1232 (1974) applying the *new* rule of law. In *Knoop v. Industrial Commission*, 121 Ariz. 293 (App.), 589 P.2d 1325 (1979) the opinion of the Court denied the applicability of the Paulley [sic] rule, but carved a new exception to the non-liability while going to and from work. There it is said (p. 297 [589 P.2d 1325]):

> "[1] After careful consideration, we believe that the exception to the going and coming rule for travel across a public road between two portions of the employer's premises is a reasonable exception, at least where, as here, the employee was told to park in the lot where she parked on the day she was injured. In this situation, petitioner was subjected to the risks involved in crossing 14th Street as a result of her employment. By locating the lot where it did so that petitioner had to cross 14th Street, and by telling petitioner to park there, respondent employer helped create the situation which caused her accident and injury. Therefore, an 'origin or cause of the injury' was her employment, and, thus, her injury was one 'arising out of' the employment."

Here the spot provided to Mary Carol Rogers to park her car is analogous to another premise of the employer's premises provided for her use. It makes no difference that the spot was not for applicant's use. The need for travel across the lot was the same for both.

Bell and the carrier filed their request for review one day late, alleging secretarial error as an excuse. The claimant objected to the late filing. The administrative law judge excused the untimely filing, but his decision upon review affirmed the decision upon hearing. A timely petition for special action review was then filed by the petitioner employer and carrier.

■ We first address the issue of petitioners' late filing of their request for review. This matter was the subject of a motion to dismiss the petition, which was denied by this court by order dated May 4, 1984. To any extent that the claimant's argument was not determined by that order, we explicitly reject claimant's argument that *Cook v. Industrial Commission*, 133 Ariz. 310, 651 P.2d 365 (1982), only allows the excusing of late requests for review by claimants, but not of late requests for review by employers and carriers. *Cook* makes no such singular qualification and is equally applicable to claimants, employers and carriers. Therefore, we find that the administrative law judge did not err by excusing the late filing and considering the request for review.

As to the issue of compensability, the petitioners argue that this is a case falling within the going and coming rule, and not subject to any of the exceptions thereto. Claimant argues that the administrative law judge's analysis was correct, or alternatively that claimant's injury is compensable under other exceptions to the going and coming rule.

■ Generally, of course, the employee's injury by accident must arise out of and in the course of employment. *Royall v. Industrial Commission*, 106 Ariz. 346, 476 P.2d 156 (1970). The going and coming rule states that an injury sustained by an employee in an accident while going to or coming from work does not arise out of and in the course of employment. *E.g., Ebasco Services, Inc. v. Bajbek*, 79 Ariz. 89, 284 P.2d 459 (1955). The major exception to the rule is that there is coverage where an employee injures himself while going to or coming from work while he is on the employer's premises. *Pauley v. Industrial Commission*, 109 Ariz. 298, 508 P.2d 1160 (1973). A trip away from and back to the work premises for the purpose of lunch is indistinguishable from the coming and going at the beginning and end of the work day. 1 Larson, *Workmen's Compensation Law*, § 15.50 at 4-91 (1983).

Therefore, an injury incurred during the journey to and from lunch is generally compensable only if sustained on the employer's premises.

■ Here, however, there was no finding that the injury was incurred on the premises. Rather, the finding was that the injury was sustained while claimant was traveling from one part of the work premises to another, *i.e.*, from the office to the parking lot. Based upon this finding, the administrative law judge found the holding of *Knoop v. Industrial Commission*, 121 Ariz. 293, 589 P.2d 1325 (App.1978), dispositive. *See also*, Larson, *supra*, at § 15.14. *Knoop* held that an employee injury sustained on a public thoroughfare lying between the work premises and the employer's parking lot was compensable.

Petitioners argue that the application of *Knoop* to the present case was error because the leased parking spaces were not a part of the premises since Bell did not control the parking spaces. Therefore, petitioners argue that the "travel between two parts of the premises" rule does not apply. The majority disagrees.

In *Knoop*, the employer leased a lot across a public street from its premises. It was uncontroverted that the claimant and other employees had orders to park in the leased lot. The street was owned and maintained by the City of Phoenix. The court first found *Pauley, supra,* inapplicable because the claimant was obviously not injured on the premises. The court then stated:

> In this case, it is clear that petitioner was injured while walking from the leased parking lot to the employer's buildings. The leased parking lot is considered the employer's premises. *Gaughan v. Industrial Commission*, 21 Ariz.App. 137, 138, 516 P.2d 1232, 1233 (1973); 1 Larson's Workmen's Compensation Law § 15.41 (1978). Since petitioner was injured between two parcels of the employer's premises while going to work, the going and coming rule itself would prevent her from receiving compensation

unless some relevant exception to that rule applies.

> Professor Larson has described an exception to the going and coming rule which precisely fits the facts of this case:
>
> § 15.14—Travel between two parts of premises
>
> One category in which compensation is almost always awarded is that in which the employee travels along or across a public road between two portions of his employer's premises, whether going and coming, or pursuing his active duties.
>
> Since, as shown later, a parking lot owned or maintained by the employer is treated by most courts as part of the premises, the majority rule is that an injury in a public street or other off-premises place between the plant and the parking lot is in the course of employment, being on a necessary route between the two portions of the premises.
>
> 1 Larson's Workmen's Compensation Law § 15.14, at 4–34, 4–36....

121 Ariz. at 296–297, 589 P.2d 1325.

In *Knoop*, the court applied the two premises rule, noting that the employee's orders to use the lot subjected her to the risk involved in crossing the public street. The court held:

> ... that there is an exception to the going and coming rule for accidents and injuries occurring on public roads while the employee is traveling between an employer controlled parking lot and the employer's workplace, where, as here, the employee was told to park in the lot where she parked on the day she was injured.

121 Ariz. at 298, 589 P.2d 1325.

Petitioners' major argument is that the above holding requires that the claimant show that the parking "lot" is employer *controlled*. Petitioner points out that the portion of the form lease requiring the lessee to pay additional amounts for the maintenance of common areas, including the parking area, is deleted from the Bell lease. There is no other evidence suggest-

ing Bell had control over either the three leased spaces or the uncovered portions of the lot. It is not clear from the record whether the fact that Bell paid extra for the use of the three covered spaces gave Bell any rights of control over those spaces.

We conclude that actual control or maintenance by Bell is not necessary to make the spaces a part of the employer premises. *Knoop* quotes § 15.14 of Larson: "Since, as shown later, a parking lot owned or maintained by the employer is treated by most courts as part of the premises...." The "later" referred to is § 15.41 of Larson, wherein Larson states that:

> The doctrine has been applied when the· lot, although not owned by the employer, was ... just used, by the employees of this employer. *Thus, if the owner of the building in which the employee works provides a parking lot for the convenience of all of his tenants, or if a shopping center parking lot is used by employees of businesses located in the center, the rule [that the parking lot is considered part of the premises] is applicable*.... (emphasis added)

Larson, *supra*, § 15.41 at 4–69 to 70. In the present case, we have the additional fact that the lessor not only provided parking for use by the tenants, but also leased the three covered parking spaces upon the payment of an additional fee by Bell.

We find our recent opinion in *Hansen v. Industrial Commission*, 141 Ariz. 190, 685 P.2d 1342 (App.1984) to be analogous. In *Hansen*, the injured employee, Foster, was employed by Hansen, dba Ala Carte Players. Hansen was under contract to Ramada Inn to stage evening dinner plays in an on-premises theatre. Ramada provided the Ala Carte Players with one or two rooms for use as a dressing room. Normally, room 155 was assigned as the dressing room, but occasionally room 157 would instead be assigned, without prior notice to Hansen or any of the play participants. Apparently the rooms set aside for use as dressing rooms were located in a building to the north of the main building and were conveniently accessible from the northern portion of the parking lot. On the date she was injured, Foster was dropped off on the south side of the main building just in front of the cocktail lounge approximately one hour before the performance was to begin. Foster did not go directly to the dressing room; instead, she went into the cocktail lounge where she knew Hansen could be found. After walking to Hansen's table and confirming that the dressing room was open, Foster proceeded toward the north doors of the lounge, on her way to the dressing room, when she slipped and fell, suffering a knee injury.

Hansen argued that Foster's injury did not arise out of and in the course of her employment because she was not injured upon physical premises controlled· by the employer. We held that *control* of the premises was not the issue,

> [r]ather the question to be answered is: was the claimant injured on the employer's physical premises *or if not* was there a distinct ... causal connection between the conditions under which claimant must approach and leave the premises and the occurrence of the injury ... (emphasis in original)

685 P.2d at 1347. We then held that:

> although Foster was not on the physical premises controlled by her employer, she was nonetheless within the range of risk causally related to her employment that would justify a compensable award for her injury. In short, Foster was where she might reasonably be expected to be in connection with the employer's work, *Pauley v. Industrial Commission*, 109 Ariz. at 302, 508 P.2d at 1164, using a customary or ·permissible route to her actual workplace.

685 P.2d at 1347. Similarly, in the case at bar, claimant was injured while using a route she might reasonably be expected to utilize in .entering or exiting her employer's premises.

Moreover, just as in *Knoop*, we have the exposure of employees to a known risk. In *Knoop*, the known risk was the risk of crossing a city street. Here, it is the risk

of using an egress with two steps down to the parking lot. All of the Bell employees who drove evidently used this egress, whether they parked in covered or uncovered parking spaces. It is clear, at any rate, that Rogers exclusively used this avenue to come from and go to her parking space. Certainly the employer expected her to use the parking space provided for her and could foresee that she would use the most convenient route thereto.

In *Woodruff World Travel, Inc. v. Industrial Commission*, 38 Colo.App. 92, 554 P.2d 705 (1976), the employer argued that a previous Colorado opinion which had adopted the "travel between two parts of the premises" rule, was not applicable because the parking lot was not owned, maintained by, or subject to the control of the employer. The court disagreed:

> While the Court in that case approved an award of benefits to an employee injured while crossing a public street to reach the employer's parking lot after working hours, we do not construe the holding in that case as limited to cases where an employee is injured near or on a parking lot owned, maintained, or controlled by the employer. Rather, that case established an exception to the general rule regarding off-premises injuries to the effect that if special circumstances surrounding the employee's injury reflect a causal connection between the conditions under which the work is to be performed and the resulting off-premises injury, compensation is proper. This exception has been applied by the appellate courts in this jurisdiction in various factual situations.

> In the case at bar, we agree with the Commission that there are special circumstances which reflect a causal connection between claimant's employment and her injury. Space in the parking lot was afforded Woodruff for the use of its employees, and Woodruff was aware that its employees used the lot. Parking privileges constituted an obvious fringe benefit to claimant. Claimant was injured while in the act of enjoying that benefit. Hence, the necessary causal connection appears. (citations omitted)

554 P.2d at 707.

Of the cases supporting the position set forth in § 15.41 of Larson, the strongest in rejecting the requirement of employer control over the parking area is *Frishkorn v. Flowers*, 26 Ohio App.2d 165, 270 N.E.2d 366 (1971). There, the employer was located in a shopping center, along with many other retail stores. The parking area was operated, controlled and maintained by the owner of the shopping center. The employer had no ownership or control over the parking area. The lot was used by the employees and customers of the stores. There was no charge for the parking and the employees were free to park anywhere in the area zoned for parking. The appellee argued that because the parking lot was not under its control or maintenance, it should have no responsibility for any injury suffered by an employee therein. The court disagreed:

> It would be impractical and illogical to apply this principle to a shopping plaza consisting of multiple independent businesses, each of which would have to be an owner in common with all the other tenants in order to share a nebulous control over its geographical confines and simulate a joint zone of employment. Such concept is too narrow and restrictive...

270 N.E.2d at 368.

Several other jurisdictions have rejected the employer control requirement. *See, e.g., Max E. Landry, Inc. v. Treadway*, 421 P.2d 829 (Okla.1966) (compensable claim where employee injured in parking lot provided by owner to the several businesses located in the building); *Berry v. B. Gertz, Inc.*, 21 A.D.2d 708, 249 N.Y.S.2d 285 (App. Div.1964) (compensable claim by injured employee of business in shopping center where lot not owned or controlled by employer); *Merrill v. J.C. Penney*, 256 N.W.2d 518 (Minn.1977) (compensable injury sustained by employee of tenant of shopping center with lot maintained and

controlled by owner, but tenant paid pro rata fee for maintaining lot).

We recognize that there is authority contrary to our holding, however we do not find it persuasive. Two of the stronger cases cited by petitioners, *K-Mart Discount Stores v. Schroeder,* 623 S.W.2d 900 (Ky.1981), and *Pacific Employers Insurance Company v. Booker,* 553 S.W.2d 586 (Tenn.1977), come from jurisdictions which have consistently applied a very narrow application to the premises rule. As noted by Larson, "Two jurisdictions, Kentucky and Tennessee have narrowed the going-and-coming premises rule judicially...." Larson, *supra,* § 15.42 at 4–78. Larson, in § 15–14, which as noted above specifically discusses the "travel between two parts of the premises" rule, states that: "As to the specific rule of law involved here, the Kentucky, Tennessee, and Wisconsin decisions are of limited applicability outside those states, the former because Kentucky and Tennessee do not consider parking lots themselves to be 'premises,' and the latter because of the limiting effect of the statutory language." *Id.* at 4–40, n. 55. For the above reason, we also reject the applicability of *Jaeger Baking Company v. Kretschmann,* 96 Wis.2d 590, 292 N.W.2d 622 (1980).

*Becton, Dickinson & Company v. Industrial Commission,* 54 Ohio App.2d 186, 376 N.E.2d 961 (1977), cited by appellee and factually on all fours with *Knoop,* rejected compensability because there was no employer control over the public street. To rely on *Becton* here would be to repudiate our holding in *Knoop,* which we shall not do.

Even the case of *Barham v. Food World, Inc.,* 300 N.C. 329, 266 S.E.2d 676 (1980), is distinguishable from the present case. There, the shopping center parking lot was used by the employees and customers of various stores. An injury to the employee in the parking lot was found non-compensable because of the employer's lack of control. Here, however, the three covered spaces were specifically leased for Bell employees for an additional price.

Also, although the effect the lease had on Bell's control is not clear in the record, it is a reasonable inference that the parking space lease gave Bell additional rights over the covered spaces as compared to the non-covered spaces. *See Montgomery Ward v. Cutter,* 64 Or.App. 759, 669 P.2d 1181 (1983).

The only further wrinkle in this case is the fact that the claimant was not the regular user of the space. Petitioners argue that only the person actually parking in the space, *i.e.,* Rogers, could recover for an injury sustained between the office and parking space.

■ We find this argument unpersuasive. Under petitioners' proposed rule, a claim would not be compensable if a different employee parking her car in Rogers' space was injured or if an employee who regularly rode to work with Rogers was injured. The focus, under the travel between two parts of the premises rule, is not on who was the injured employee, but rather on the nature of the parking area. If the parking area is a part of the premises, any employee traveling between the office and a car located in the parking area is clearly traveling between the two parts of the premises and falls within the rule as enunciated in Larson, *supra.* Further, the cases have drawn no distinction between injured passenger employees and driver employees. *See, e.g., Brooks v. New York Telephone Company,* 448 N.Y.S.2d 859, 87 A.D.2d 701 (App.Div.1982); *Buerkle v. United Parcel Service,* 26 N.J.Super. 404, 98 A.2d 327 (1953).

Petitioners' argument that an affirmance would ignore *Knoop's* expressed concern about the deleterious effects of unwarranted exceptions to the going and coming rule is unfounded. *Knoop* refers to § 15.12 of Larson. This section is concerned with various states' attempts to abandon the premises rule adopted by this state in *Pauley, supra.* Larson therein criticizes various proximity exceptions to the premises rule as unworkable. Larson has no such criticism for the "traveling between the two parts of the premises" rule and further-

more clearly endorses the result reached here in § 15.41.

■ We find that petitioner's accident and injury arose out of and in the course of her employment. We hold that where an employer, leasing space in a multiple-lessee building, leases specific parking spaces for which the employer pays an additional charge, an employee injured while traveling from the leased work premises to an automobile parked in a leased parking space has sustained a compensable injury under the "traveling between two parts of the premises" rule adopted in *Knoop*. We need not go further.

The award is affirmed.

MEYERSON, P.J., concurs.

JACOBSON, Chief Judge, dissenting.

I dissent.

As indicated in the majority opinion, the Administrative Law Judge's determination was based upon the rationale of *Knoop v. Industrial Commission*, 121 Ariz. 293, 589 P.2d 1325 (App.1978), that is, that either the parking lot generally or the parking lot which encompassed the "covered" spaces are a portion of the employer's premises and therefore travel between these separate portions of the premises (as an exception to the coming and going rule) arises out of and in the course of the employment. Specifically, the Administrative Law Judge and the majority do not base compensability in this case on a finding that the "stoop" leading from the building housing the employer's offices were part of the employer's premises.[1] I therefore accept the basic premise underlying the majority's opinion, that this is an "off premise" injury case.

It is also important to emphasize that the claimant's activity in going to lunch clearly falls within the well recognized "coming and going" rule, that is, that injuries occurring during such activity are not compensable as either arising out of or in the course

of the employment. *Pauley v. Industrial Commission, supra.*

Since I agree with the rationale of *Knoop*, the question presented is whether the parking lot in this case is the same type of parking lot as was presented in *Knoop*. This requires an understanding of the "premise" rule itself. Prior to the decision of *Pauley v. Industrial Commission, supra*, Arizona adhered to a strict interpretation of the coming and going rule, that is, until a worker actually commenced his duties of employment, the worker was still in the process of "coming" to work and therefore was not yet within the course of his employment. *See McCampbell v. Benevolent & Protective Order of Elks*, 71 Ariz. 244, 226 P.2d 147 (1950) (denying coverage to an employee who slipped and fell while climbing steps outside the Elks Lodge on his way to work). This prior rule was subject to criticism because it was based upon a proximity test to the actual work site resulting in somewhat arbitrarily drawn distances. *See 1 Larson's Workmen's Compensation*, §§ 15.11 and 15.12, and examples cited therein.

Most courts have now adopted a test, not based upon proximity to the actual job site, but upon whether the accident occurred on the employer's premises. This rule was adopted in *Pauley* when the court held:

> ... [W]hen an employee is going to or coming from his place of work and is on the employer's premises he is within the protective ambit of the Workmen's Compensation Act....

109 Ariz. at 302, 508 P.2d at 1164.

This "premise" liability is based, not upon the special risks or hazards which are encountered on the employer's premises, but because the employer controls those premises and thus makes injuries occurring thereon arising out of and in the course of employment. This is made clear by the following passage from *Pauley:*

---

1. Since this theory was urged upon the Administrative Law Judge and the Administrative Law Judge determined the issue upon other grounds, there was an implied rejection of this theory. I

conclude that factually and legally that rejection is supportable. *Pauley v. Industrial Commission*, 109 Ariz. 298, 508 P.2d 1160 (1973).

... [B]ut we think workmen's compensation should not be expanded to injuries sustained while off the employer's premises, when the hazards encountered are not peculiarly within the *employer's control.* (Emphasis added)

109 Ariz. at 302, 508 P.2d at 1164.

With this in mind, I turn to the "premise to premise" rule adopted in *Knoop.* In *Knoop,* the employer maintained and controlled a parking lot located across a public street from the employer's place of business. This parking lot was clearly part of the employer's premises. Not only was the parking lot maintained and controlled by the employer, the employees were ordered to use that lot. The claimant Knoop was injured on a public street while crossing from the parking lot to the employer's business. In finding the injury compensable the court in *Knoop* held:

> After careful consideration, we believe that the exception to the going and coming rule for travel across a public road between two portions of the employer's premises is a reasonable exception, at least where, as here, the employee was told to park in the lot where she parked on the day she was injured. In this situation, petitioner was subjected to the risk involved in crossing 14th Street *as a result of her employment.* By locating the lot where it did so that petitioner had to cross 14th Street, and by telling petitioner to park there, respondent *employer helped create the situation which caused her accident.* (Emphasis added)

121 Ariz. at 297, 589 P.2d at 1329.

In analysis, then, *Knoop* is merely a logical extension of the premise "control" rationale, that is, the employment subjected the employee to a risk "as a result of her employment" which the "employer helped create."

This is completely in keeping with *Larson's* analysis of the rationale for the compensability of travel between two parts of the employer's premises:

> ... [I]n this instance, as in many others, the concept of "course of employment" follows that of "arising out of employment"; that is, the employment-connected risk is first recognized, and then a course-of-employment theory must be devised to permit compensation for that obviously occupational risk.

\* \* \* \* \* \*

> We have, then, a workable explanation of the exception to the premise rule: it is not proximity, or reasonable distance, or even the identifying of surrounding areas with the premises: it is simply that, when a court has satisfied itself that there is a distinct "arising out of" or causal connection between the conditions under which the claimant must approach and leave the premises and the occurrence of the injury, it may hold that the course of employment extends as far as those conditions extend."

1 Larson, Workmen's Compensation, § 15.15 p. 4–42 to 4–43.

Thus, if the basis of "premise" liability is employer control, the basis of "travel" liability between employer's premises is the causal connection of the employment created risk that such travel entails. The "arising out of" or causal connection in *Knoop* was the employer imposed requirement that employees use a parking lot which exposed them to the hazards of crossing a public street.

With this identification of rationale in mind, I turn to the facts and legal premises of this case. First, I must disagree with the cases cited in the majority opinion that employee parking, regardless of employer ownership, control or maintenance are part of the employer's premises. In *Woodruff World Travel, Inc. v. Industrial Commission,* 38 Colo.App. 92, 554 P.2d 705 (1976), cited by the majority, the landlord of the employer tenant allowed the employer's employees to use its parking lot. There is no indication that the employer paid any additional rental for this privilege, but it is clear that the employer had no control over the lot, did not maintain it or require its employees to utilize that parking. The claimant was injured when she stepped on ice in the parking lot. The Colorado court

after determining that there must exist a causal connection between the employment and this off-premise injury found that connection as being a "parking privilege" which was a "fringe benefit" and that the claimant was enjoying that "fringe benefit" when she was injured, hence a causal connection. The problem with this reasoning is that the "fringe benefit" does not appear to have been bestowed by her employer, but rather by her employer's landlord. It also appears to have been a "fringe benefit" shared with the world at large, that is, all the other employees and customers of the landlord's tenants. In my opinion this is not a sufficient employment causally related connection to satisfy Larson's "arising out of the employment" rationale. Also, this opinion ignores the requirement that something in the employment itself must impose the exposure to risk that the travel to and from work entails.

Likewise, *Frishkorn v. Flowers*, 26 Ohio App.2d 165, 270 N.E.2d 366 (1971), which is also cited by the majority, ignores any employment imposed risk, but rather defines a "zone of employment" which includes a parking lot at a shopping center with 43 tenants. No Arizona case, to my knowledge, has embraced such a concept.

To utilize the travel between two parts of the employer's premise rationale of *Knoop*, it is first necessary to have two separated employer's premises. In determining what constitutes an employer's premises, the employer, at a minimum, must exercise some measure of control over that area. *Barham v. Food World, Inc.*, 300 N.C. 329, 266 S.E.2d 676 (1980). To ignore this requirement is to ignore what gives rise to the premise liability in the first instance—control. Also to ignore this requirement is to simply return to the discredited theory of proximity to the employer's premises under the guise of defining what constitutes that premises. This is exactly what the majority has done by inference in defining the parking lot in general as being a portion of the employer's premises. The majority's protestations not to the contrary, this is also exactly what was warned against in *Knoop*.

The majority points out, however, on the occasion of this injury the claimant was accompanying a fellow employee who utilized a covered parking stall, for which the employer paid additional rent. I would agree in the broadest sense that such covered stalls could be considered as part of the employer's premises because presumably the employer at least exercised control over which employees enjoyed this protection from the Arizona sun and presumably could have other less fortunate individuals ejected from the shade. However, simply defining the two separated employer's premises, contrary to the majority's conclusion, does not mean that travel between these two premises automatically places the traveler in the course of his employment. Rather, both Larson and *Knoop* require that the employee travel arise out of the employment, that is, have a causal connection to the employment. As to this claimant, no such causal connection exists. There is nothing in the employment relationship which required that the claimant accompany her fellow worker to lunch.[2] Nor is the going to lunch itself within the course of employment. Thus, I am unable to find any employment created risk which would take this normally noncompensable journey out of the universally followed coming and going rule. In this regard the majority's conclusion that the rule in *Knoop* is satisfied by merely identifying two separated portions of the employer's premises and placing the injured claimant in a position between these two points is, in my opinion, erroneous. To put the matter in proper perspective, if the reasoning of the majority's rule is given its logical extension, a workman who lived between two separated work places of his employer would be within the course of his employment if he fell on his front steps as he was leaving for work.

---

**2.** The Administrative Law Judge specifically found that the luncheon engagement was not a business related activity, a finding which is factually supportable in the record.

For the reasons stated I would set aside the award.