**MUNICIPALITY OF ANCHORAGE**
**and Ward North America, Inc.,**
**Appellants,**

v.

**Charles ROBERTSON, Appellee.**

**Nos. S–9763, S–9770.**

Supreme Court of Alaska.

Nov. 16, 2001.

---

**34.** In 1998 Eric was charged and convicted of driving without a valid driver's license, a misdemeanor. 1KN–98–1005CR.

Peggy A. Roston, Law Office of Trena L. Heikes, Anchorage, for Appellants.

Chancy Croft, Chancy Croft Law Office, Anchorage, for Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

### OPINION

PER CURIAM.

Set forth here is the opinion of the superior court from which this appeal is taken.

### ORDER REVERSING THE DECISION AND ORDER OF THE WORKERS' COMPENSATION BOARD DENYING BENEFITS TO THE APPELLANT

#### Introduction and Facts

Appellant, Mr. Robertson, was crossing "G" Street to get from the Municipality of Anchorage (MOA) parking garage to work at the MOA's "Hill" building. Parking is provided in the MOA parking garage to MOA employees at a discounted rate. There is no dispute that Mr. Robertson was injured when he slipped on ice as he stepped up to the curb. Mr. Robertson made a claim for Workers' Compensation and this claim was heard by the Workers' Compensation Board (Board). The Board denied Mr. Robertson's claim because going to and coming from work is not covered by Workers' Compensation. In reaching this decision, the Board found that Mr. Robertson's accident was not within the "special hazards" exception to the going and coming rule. Mr. Robertson appealed the Board's decision to deny him coverage and the MOA cross-appealed the Board's finding that the MOA parking garage is part of the employer's premises.

#### Mr. Robertson's Appeal

The court finds that the Board erred when it applied the coming and going rule. Once an employee reaches the employer's premises the coming and going rule ceases to apply. Accordingly, when an employee must cross a public street between two parts of the employer's premises, the employee does not fall back into the coming and going rule. Since the Board found that Mr. Robertson reached the MOA's premises when he entered the parking garage Mr. Robertson's travel between the MOA's garage and the MOA's building was not within the coming and going rule.

#### The MOA's Cross–Appeal

The MOA argues that the Board erred when it found that the parking garage was part of its premises. This point on appeal is not well taken. The record shows that the employer provided the parking to Mr. Robertson, benefitted from providing parking to Mr. Robertson, and owned the parking garage albeit indirectly. These facts are sufficient to support the Board's finding that the MOA owned the parking garage.

#### Conclusion

Based on the above analysis, the Board's decision that the coming and going rule precluded compensation to Mr. Robertson is reversed and remanded. The court affirms the Board's finding that the MOA parking garage is part of the MOA's premises.

The superior court's conclusion that Robertson's injury was compensable is supported by a well-recognized application of the

**14**

"premises rule." The premises rule holds that injuries suffered on the employer's premises by an employee who is going to or coming from work are compensable.[1] It is thus the flip side of the "going and coming rule" under which injuries occurring off the employer's premises while the employee is traveling to or from work are not compensable.[2] Under the rule, where the employer provides parking, the parking area is considered part of the employer's premises. If the parking area is separated from the employee's workplace by a street, injuries suffered on the street while walking between the premises are considered compensable just as they would be if they had occurred on either premises.[3]

■ We agree with this application of the premises rule, as do the courts of most states.[4] We note that this rule applies where, as here, the employer does not own the parking facility but leases a portion of it for employee parking,[5] as well as when the employer charges the employee for the privilege of parking.[6]

■ The Municipality also challenges the superior court's award of attorney's fees of $20,748 to Robertson's counsel for work in the superior court. The Municipality does not challenge the reasonableness of the hourly rate claimed by counsel, $250 per hour, but argues that sixty-nine hours as claimed by

counsel reflects an inefficient expenditure of attorney time for a relatively simple "single issue case." Questions such as this are committed to the discretion of the superior court.[7] We are not persuaded by the showing presented by the Municipality that the court abused its discretion in concluding that Robertson's counsel's expenditure of time was reasonable.

The judgment of the superior court is therefore AFFIRMED.

1. *See* 1 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 13.01 (1999).

2. *See Seville v. Holland America Line Westours, Inc.*, 977 P.2d 103, 106 (Alaska 1999).

3. *See* Larson, *supra* note 1, §§ 13.01, 13.01[4][a]-[b], 13.04[2][a]-[b], and numerous cases there cited.

4. *See id. See, e.g., Knoop v. Industrial Comm'n*, 121 Ariz. 293, 589 P.2d 1325 (App.1979) (Employee slipped and fell while walking from parking lot leased by employer to plant. Injuries held compensable.); *Epler v. North American Rockwell Corp.*, 482 Pa. 391, 393 A.2d 1163 (1978) (Employee struck by vehicle while crossing public street between plant and employer provided parking. Held compensable.); *Copeland v. Leaf, Inc.*, 829 S.W.2d 140 (Tenn.1992) (Employee knocked down and injured while walking on public sidewalk or street between plant and designated employee parking lot. Court allowed recovery.).

5. *See* Larson, *supra* note 1, § 13.04[2][a], at 13–40. *Cf. Van Deusen v. Onondaga County*, 45 A.D.2d 793, 357 N.Y.S.2d 155 (N.Y.App.Div. 1974). *See also P.B. Bell & Assocs. v. Industrial Comm'n*, 142 Ariz. 501, 690 P.2d 802 (App.1984); *Proctor–Silex Corp. v. DeBrick*, 253 Md. 477, 252 A.2d 800 (1969).

6. *See Department of Human Resources v. Jankowski*, 147 Ga.App. 441, 249 S.E.2d 124 (1978); *Marlow v. Goodyear Tire & Rubber Co.*, 10 Ohio St.2d 18, 225 N.E.2d 241 (1967).

7. *See Tobeluk v. Lind*, 589 P.2d 873, 878 (Alaska 1979) ("[T]he award of ... fees [is] committed to the broad discretion of the trial court. We will not interfere with the trial court's determination unless it is shown that the court abused its discretion by issuing a decision which is arbitrary, capricious, manifestly unreasonable, or which stems from an improper motive.") (citations omitted).