## HOWARD CLEANERS OF BALTIMORE, INC. *v.* PERMAN

[No. 108, September Term, 1961.]

*Decided December 26, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, PRESCOTT, HORNEY and MARBURY, JJ.

*Jacob A. Gross* and *Herbert H. Rosenbaum,* with whom was
*Thomas L. Hennessey,* on the brief, for appellant.

*John W. Hessian, Jr.,* with whom were *Smalkin & Hessian,* and *Clewell Howell, Jr.,* and *Reuben Caplan,* on the brief, for appellee.

Marbury, J., delivered the opinion of the Court.

This is an appeal from a summary judgment granted appellee, Sidney Perman, in the amount of $6,209.33, with interest and costs of suit, against the appellant, Howard Cleaners of Baltimore, Inc., a Maryland corporation.

The question involved is whether summary judgment should have been granted to appellee who sued appellant for "stopping payment" on a check issued in part payment for the purchase of a laundry business, and upon condition that appellee would properly perform an employment contract with Arcade Laundry and Cleaning Co., Inc. (hereafter referred to as Arcade), which appellant claimed appellee had failed to do.

On November 17, 1960, Arcade purchased from Louis Goodman and Sidney Perman their laundry business for the total purchase price of $18,000. Sidney Perman thereupon entered into an employment agreement with Arcade (not a party to this litigation). Paragraph 9 of the agreement provided that "the said Sidney Perman does hereby covenant and agree with Arcade Laundry and Cleaning Co., Inc. that he will continue to operate the said existing business in a normal manner for a period of ninety (90) days from the date of settlement." On the date of settlement (November 17, 1960), the appellant, Howard Cleaners of Baltimore, Inc., issued its check as a loan to and at the request of Arcade, payable to the order of Louis Goodman and Sidney Perman for the sum of $6,209.33. This check was issued not only at the request of Arcade, but on the express condition agreed to by Arcade and Sidney Perman that Perman would continue to operate the business in a normal manner for Arcade for a period of ninety days, and further that the "share of the selling price distributable to Sidney Perman shall not be paid to him but shall be placed in escrow with Reuben Caplan, Attorney, until the end of said ninety day period. Upon per-

formance by Sidney Perman of this covenant, said sum of money shall be paid to Sidney Perman." The check was endorsed by both payees and then placed in escrow.

In his declaration and affidavit in support of his motion for summary judgment appellee alleged that he was at all times ready, willing, and able to continue to operate the business and in fact did so operate it until February 11, 1961, when his work was stopped by Arcade, through its president, Joseph R. Himmelstein; that Himmelstein was also president of the appellant, and both Arcade and the appellant operated their businesses upon the same premises; that after the expiration of said ninety day period, on February 15, 1961, the appellee having fully performed said agreement, the check, endorsed by Goodman and Perman, held by Reuben Caplan, attorney, was delivered to appellee, who deposited it in his bank, but the check was returned unpaid by the Equitable Trust Company and marked "Payment Stopped"; and that although demand has been made for the payment thereof payment has been refused, so that he has not been paid his share of the purchase money represented by the check.

The appellant, on the other hand, in his third plea to the declaration, and affidavit in support thereof, alleged that the appellee failed to conduct the business in a normal manner but did conduct it so as to reduce the weekly volume of business from $1,200.00 to $200.00 weekly, within a short period of time, in consequence of which Arcade suffered great loss and damage far in excess of the amount of said check, $6,209.33, for which damage and loss Arcade has instituted suit, and that appellee is indebted to Arcade for a sum in excess of the appellant's check, in consequence of which Arcade ordered the appellant to stop payment on its check.

At the hearing on the appellee's motion for summary judgment the trial judge correctly held that the appellant was not a party to the employment contract, but we think he was in error when he went on to reason that since this was true, under Maryland Rule 610 d.1, there was no genuine dispute as to any material fact so that the appellee was entitled to a judgment as a matter of law, and entered the summary judgment.

Although the appellant was not a party to the contract of employment, we think, as the lender to Arcade of the funds represented by the check, it was the agent of Arcade, the buyer of the business, when it issued the check placed in escrow with Caplan, and that appellant was also acting as Arcade's agent when it stopped payment on the check at the instruction of Arcade, due to the alleged breach by the appellee of the condition precedent to its delivery to Perman. As stated by Judge Prescott of this Court, in *Ramsburg v. Sykes,* 221 Md. 438, 158 A. 2d 106:

> "There can be little doubt that whether or not an agency in fact has been created is to be determined by the relations of the parties as they exist under agreements or acts, and the ultimate question is one of intention. *American Casualty Co. v. Ricas,* 179 Md. 627, 631, 22 A. 2d 484. See also 2 Am. Jur. *Agency,* Sec. 24; Restatement, *Agency,* Sec. 8; 2 C.J.S. *Agency,* Sec. 17; 2 *Williston, Contracts,* (3rd ed), Sec. 274."

We think it is clear from the pleadings, including the affidavits supporting and opposing the motion for summary judgment, that there was clearly an inference of an oral agreement between Arcade, Perman, and the appellant (aside from the written contract of employment), whereby it was agreed between the parties that the check was to be delivered and paid upon the performance of Perman's employment contract with Arcade for the ninety day period.

The nonperformance by the appellee, which would be tantamount to a failure of consideration for the loan from appellant to Arcade, could be set up as a valid defense in a suit by appellee against the agent, appellant. In an action against an agent upon a contract between a third person and a principal, to which the agent is a party, the agent has all the defenses which arise out of the transaction itself. The agent can, with the consent of the principal, set off a claim which the principal might set off in an action brought by the other against him. Restatement, *Agency,* 2d, Sec. 334.

In considering a motion for summary judgment the Court

does not attempt to decide any issue of fact or of credibility, but only whether such issues exist, and such procedure is not a substitute for trial. All inferences should be resolved against the movant. *Roland v. Lloyd E. Mitchell, Inc.,* 221 Md. 11, 155 A. 2d 691; *Strickler Eng. Corp. v. Seminar,* 210 Md. 93, 122 A. 2d 563; and *White v. Friel,* 210 Md. 274, 123 A. 2d 303.

Because in this case there existed a genuine dispute as to a material fact the judgment must be reversed and the case remanded for further proceedings.

> *Judgment reversed, with costs of this appeal to the appellant, and case remanded.*