501 A.2d 468

**The MAY DEPARTMENT STORES COMPANY**

v.

**Muriel E. HARRYMAN.**

**No. 389, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Dec. 11, 1985.

536

Michael S. Levin (O'Malley, Miles, McCarthy & Harrell, Upper Marlboro, on the brief), for appellant.

Jeff Horowitz (Sidney Schlachman and Schlachman, Potler, Belsky & Weiner, P.A., Baltimore, on the brief), for appellee.

Argued before BISHOP and ROBERT M. BELL, JJ., and GETTY (JAMES S.), Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

ROBERT M. BELL, Judge.

The issue presented for decision on this appeal is whether an employee who parks in an area of a shopping center parking lot, which is neither owned, maintained nor controlled by her employer, and who is injured by the intentional acts of a third party, is entitled to receive worker's compensation benefits? We hold that under the facts of this case, she is and, therefore, we will affirm the judgment of the Circuit Court for Baltimore County.

The facts are largely not in dispute. Muriel E. Harryman, appellee, an employee of the May Department Stores Company, d/b/a the Hecht Company,[1] appellant, was injured when she was accosted by a mugger on a shopping center parking lot. The portion of the parking lot on which the mugging occurred was under the arcade, a covered portion of the parking lot surrounding the Golden Ring Mall where appellee had been parking for approximately two years. Moreover, it was across from the Hecht Company's employee entrance, through which the Hecht Company employees were required to enter for work. On this day, appellee arrived for her scheduled noon shift at approximately 11:45 a.m.

The Golden Ring Mall parking lot provided the only parking for the shopping center. Thus, employees of the Hecht Company and other businesses located in the mall parked their cars there while at work. Customers of the mall stores also used the parking lot.

At the hearing before the Workmen's Compensation Commission, testimony as to the ownership of the mall parking lot was presented by appellee. That evidence tended to prove that, although apparently part of the parking lot was jointly owned by Montgomery Ward, Hechts and the Golden Ring Management Company, the portion of the lot on which appellant was injured was owned solely by the Mall Management Company.

---

1. The appellant will be variously referred to as the Hecht Company and Hechts.

The Workmen's Compensation Commission determined that appellant sustained an accidental injury arising out of and in the course of her employment. Upon Hecht's appeal, the Circuit Court for Baltimore County granted appellee's motion for summary judgment and thereby affirmed the action of the Commission.

Although on its appeal to this Court, Hecht's presented two questions, we need only consider the first:[2]

> Is ownership of a parking lot a material fact in a workmen's compensation claim filed by an employee who was assaulted in the parking lot?

A motion for summary judgment is not a substitute for trial or a vehicle to decide disputed facts. *Coffey v. Derby Steel Company, Inc.*, 291 Md. 241, 247, 434 A.2d 564 (1981), *Berkey v. Delia*, 287 Md. 302, 304, 413 A.2d 170 (1980), *Sterry v. Bethlehem Steel Corporation*, 64 Md.App. 175, 188, 494 A.2d 748 cert. granted 304 Md. 362, 499 A.2d 191 (1985). Rather, it permits the trial judge to determine if there is a genuine dispute as to any material fact and if the moving party is entitled to judgment as a matter of law. Md. Rule 2–501; *Kletz v. Nuway Distributors*, 62 Md.App. 158, 161, 488 A.2d 978 (1985); *Fireman's Fund Insurance Co. v. Rairigh*, 59 Md.App. 305, 313, 475 A.2d 509 (1984). Even when there are no disputes of facts, but more than one inference may be drawn from the facts, such inferences being resolved against the moving party, summary judgment is inappropriate. *Honaker v. W.C. & A.N. Miller Development Company*, 285 Md. 216, 231, 401 A.2d 1013 (1979), *Fenwick Motor Company v. Fenwick*, 258 Md. 134, 138, 265 A.2d 256 (1970). The function of appellate review of a ruling on a motion for summary judgment is to decide whether disputed issues of material fact exist, not to decide those issues or determine their credibility. *James v. Tyler*,

---

**2.** The second question posed, does there exist a genuine dispute as to ownership of the parking lot where Mrs. Harryman was assaulted?, is reached only if our response to the first question is in the affirmative.

269 Md. 48, 54, 304 A.2d 256 (1973), *Howard Cleaners v. Perman,* 227 Md. 291, 296, 176 A.2d 235 (1961); *Sanitary Facilities, II, Inc. v. Blum,* 22 Md.App. 90, 100, 322 A.2d 228 (1974).

Hecht's proffers that the evidence concerning the ownership of the mall parking lot, viewed in the light most favorable to appellee, gave rise to a genuine dispute as to a material fact. Therefore, it contends that appellee was not entitled to judgment as a matter of law.

█ Ordinarily, an employee who sustains injuries going to or returning from his place of employment is not entitled to receive compensation under Workmen's Compensation Law. *Wiley Manufacturing Co. v. Wilson,* 280 Md., 200, 206, 373 A.2d 613 (1977); *Kendall Lumber Co. v. State,* 132 Md. 93, 100, 103 A. 141 (1918); *Miller v. Johns Hopkins Hosp.,* 57 Md.App. 135, 138, 469 A.2d 466 (1984). Such injuries do not arise "out of or in the course of" [3] employment, *Wiley Manufacturing Co. v. Wilson,* 280 Md. at 206, 373 A.2d 613, because, as we said in *Miller v. Johns Hopkins Hosp.,* 57 Md.App. at 138, 469 A.2d 466, "[g]oing to or from work is not the same as being on the job...." On the other hand, injury caused by the willful or negligent act of a third person directed against the employee, even though not arising out of employment, is compensable if the injury was sustained "in the course of" employment. Md. Code Ann. Art. 101, § 67(6),[4] *Giant Food, Inc. v. Gooch,* 245 Md. 160, 169, 225 A.2d 431 (1966). "Course of employment" refers to the "time, place and circumstances under which the accident occurred." *Mack Trucks, Inc. v. Miller,* 23 Md.App. 271, 272, 326 A.2d 186 (1974). *See Proctor-Silex v. DeBrick,* 253 Md. 477, 480, 252 A.2d 800 (1969).

---

**3.** Md.Code Ann. Art. 101 § 15 provides in pertinent part:
Every employer subject to the provisions of this article, shall pay or provide as required herein compensation according to the schedules of this article for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment....

**4.** Section 67(6) provides in pertinent part:

■ Thus, the rule is not absolute. The courts have fashioned several exceptions to this general rule, most notably, the "proximity rule" and the "premises rule." *Miller v. Johns Hopkins Hosp.*, 57 Md.App. at 138, 469 A.2d 466. The "proximity rule", a geographical extension of the "premises rule," applies to injuries which "occur at a point where the employee is within range of dangers peculiarly associated with the employment," *Wiley Manufacturing Co. v. Wilson*, 280 Md. at 208, 373 A.2d 613, or where "the risks incurred by the employee [are] incidental to the employment and [are] annexed as an implied term" of that employment. *Miller v. Johns Hopkins Hosp.*, 57 Md.App. at 140, 469 A.2d 466, quoting *Bountiful Brick Co. v. Giles*, 276 U.S. 154, 159, 48 S.Ct. 221, 222, 72 L.Ed. 507 (1928). On the other hand, an employee injured on the premises of the employer while going to or from his or her job may invoke the "premises exception." *Id.*, 57 Md.App. at 138, 469 A.2d 466. *See, Wiley Manufacturing Co. v. Wilson*, 280 Md. at 206, 373 A.2d 613, *Proctor-Silex Corp. v. DeBrick, supra.*

In ruling on appellee's motion for summary judgment, the trial judge said:

> There is no question in the Court's mind that the motion for summary judgment should be granted in the case. I don't think there is any dispute that the employee had, in fact, gone to that lot to park her car as she did everyday she had to go to work. *She was on the parking lot where she is normally permitted to park by the employers. She is on the employer's business from the moment she is on that lot, and she gets mugged as she is going from her car to her job.* (emphasis added)

---

"Injury", "personal injury," "accidental injury" and "accidental personal injury" means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally result therefrom, including frostbite and sunstroke resulting from weather condition, occupational disease and *includes an injury caused by the wilful or negligent act of a third person directed against an employee in the course of his employment.*

This ruling undoubtedly relied upon the "premises rule", the focus of the parties' arguments both below and in this Court. Consequently, we too will confine our analysis to the application of that rule [5] to the facts *sub judice.* That analysis necessarily involves determining what constitutes the "premises" of the employer and considering when an employee is "in the course of employment."

An employee, when he "has arrived on his employer's premises as usual, in preparation for beginning his day's work, is considered to be on the premises and therefore covered by workmen's compensation even though his actual employment has not begun," *Salomon v. Springfield Hosp.,* 250 Md. 150, 155, 242 A.2d 126 (1968). Such an employee may be said to be "in the course of employment." "Premises" are broadly defined as including the entire area devoted by the employer to the industry with which the employee is associated and to include parking lots owned, controlled or maintained by the employer. 1 Larson, *Workmen's Compensation Law,* § 15.41, *Department of Correction v. Harris,* 232 Md. 180, 186, 192 A.2d 479 (1963). Although recognizing that they do not necessarily include all property owned by the employer, *Salomon v. Springfield Hosp.,* 250 Md. at 155, 242 A.2d 126, premises have been held in Maryland to include parking lots owned, maintained or provided by employers. *Proctor-Silex Corp. v. DeBrick,* 253 Md. at 479, 252 A.2d 800; *Giant Food v. Gooch,* 245 Md. at 162, 225 A.2d 431; *Smith v. General Motors Assembly Division,* 18 Md.App. 478, 480, 307 A.2d 725 (1978) *Pappas v. Modern Mfg. Co.,* 14 Md.App. 529, 531, 287 A.2d 798 (1972).

In *Proctor-Silex Corp. v. DeBrick,* an employee was injured when she slipped and fell on an icy sidewalk as she proceeded from the employer's leased parking lot to the plant in which she worked. The Court of Appeals, in finding that the employee's injuries were compensable, said:

---

**5.** We are not at all certain that an analysis under the "proximity rule" would lead to a different result. *See Pappas v. Modern Mfg. Co., infra.*

> Where ... the claimant had arrived on the premises of her employer and was proceeding without deviation of any kind directly to her work, it would be unreasonable to hold that injuries sustained by her on the parking lot or between the building entrance and the time clock would be compensable, but injuries sustained between the parking lot and the building entrance would not be compensable. Therefore, we hold the injuries sustained by Mrs. DeBrick to have arisen out of and in the course of her employment.

*Id.,* 253 Md. at 489, 252 A.2d 800.

In *Giant Food v. Gooch,* an employee, a parking lot attendant, arrived early for work. Before starting work, but while on the employer owned parking lot, he was assaulted and shot by an individual who believed him to be the paramour of that individual's wife. Finding the injuries thus incurred to be compensable because arising in the course of employment, the Court observed:

> We think it clear that the commission and the reviewing court could have found that the injury occurred in the course of Gooch's employment. He was on the parking lot on which he regularly worked and was but minutes away from actually engaging in regular duties, when he was interrupted by Jones. "An employee is in the course of his employment where he is injured before the hour of work while on the premises for the purpose of engaging in the day's work." *Rice v. Revere Copper & Brass, Inc.,* 186 Md. 561, 566, 48 A.2d 166 [1946]. *See also Maryland Paper Products Co. v. Judson,* 215 Md. 577, 139 A.2d 219 [1958].

*Id.* 245 Md. at 162, 225 A.2d 431.

*Pappas v. Modern Mfg. Co.,* even though decided under the proximity rule, is helpful. There, the employer arranged with its landlord for the landlord to furnish a parking lot and for the employer to obtain first preference of spaces for its employees. The parking arrangement, including payment of the rental, was handled directly between the landlord and the employer. The employer re-

quired its employees to pay only a portion of the monthly rental for a space, the employer paying the balance. Those employees who opted to park on the parking lot were issued a sticker by the employer. Pappas had parked on the parking lot for six months before her injury. She was injured, while still on the parking lot, when she slipped on ice and fell, fracturing her arm. Disagreeing with the trial court's finding and reasoning that the employer did not have sufficient control over the parking lot to bring it within the proximity rule, this Court commented:

> It is apparent that since the employer had first preference to all spaces on the parking lot, he had control over who might or might not use the parking spaces. From the ... facts, we are of the opinion that the parking lot was, within the contemplation of the proximity rule, located on land under the control of the employer, on adjacent property with the express or implied consent of the employer.

*Id.*, 14 Md.App. at 535, 287 A.2d 798.

Although it has not been so held by an appellate court of this state, 1 *Larson, Workmen's Compensation Law,* § 15.41 informs us that "premises", for purposes of the workmen's compensation law, may include parking lots which are not owned, controlled or maintained by the employer:

> This rule is by no means confined to parking lots owned, controlled or maintained by the employer. The doctrine has been applied when the lot, although not owned by the employer, was exclusively used, or used with the owner's special permission, or just used by the employees of this employer.

and that

> ... if a shopping center parking lot is used by employees of businesses located in the center, the ["premises"] rule is applicable.

*Id.* at § 15.42(a).

*Frishkorn v. Flowers*, 26 Ohio App.2d 165, 270 N.E.2d 366 (1971) and *Berry v. Gertz*, 21 A.D.2d 708, 249 N.Y.S.2d 285

(S.Ct.1964), both cited in *Larson*, are instructive as well as persuasive on this latter point.

In *Frishkorn v. Flowers*, the claimant, a part-time employee, was injured when his motor bike was struck by a motor vehicle on the shopping center parking lot as he was proceeding to his employer's place of business, one of forty-three retail outlets in the shopping center. The employer had no control or ownership over the shopping center parking lot, which was provided for the convenience of the shoppers, employers and their employees. The Court noted that the "zone of employment" concept, followed in Ohio, traditionally and necessarily implied actual ownership or control by an employer over that zone. Nevertheless, it recognized that

> It would be impractical and illogical to apply this principle to a shopping plaza consisting of multiple independent businesses, each of which would have to be an owner in common with all the other tenants in order to share a nebulous control over its geographical confines and simulate a joint zone of employment. Such concept is too narrow and restrictive and is as outmoded as holding that an accident sustained by an employee going to or leaving work by means of an elevator or stairway in a building shared in common by different tenants, did not occur in the course of or arise out of the employment because the elevator or stairway was not part of the premises over which the employee's particular employer exercised any control at the time and place of the accident.

*Id.* at 368. Next, the Court observed that "[t]he premises idea has been expanded by some courts to include areas of a common right of passage which are closely associated with the employer's premises to be considered in effect a part thereof, even where those areas are not owned, leased or in any way controlled by the employer". *Id.* at 368–69 (citations omitted), and commented:

> In the instant case, the parking area was appellant's normal and customary means to and from his employer's

premises to which such passageway was an indispensable appurtenance. In reality, the employer and the other tenants of the Great Northern Shopping Center, having reciprocal rental rights and privileges, were also accorded the common use and access of the parking area. Logically, to that extent, this was tantamount to an essential expansion of their respective premises for the purpose of adequately serving and furthering their business interests.

*Id.* at 369. It concluded:

Although the parking area was not owned or controlled by Pick-n-Pay, the necessities of its business contemplated the use of such space by its employees and customers and required appellant to be where his accident occurred. He was injured while doing what he was normally expected to do—going to the premises to render service to his employer, in so doing, he was traversing a way so closely associated with the premises as to be part thereof, performing a "required duty done directly or incidentally in the service of the employer." *Id.* (citation omitted)

The claimant in *Berry v. Gertz* an employee of a department store located in a shopping center, was injured when she fell on the shopping center parking lot while alighting from her car. As in *Frishkorn*, her employer had no ownership interest or control over the parking lot. As in this case, the argument was made by the employer that since the parking lot was not owned, maintained or controlled by it, the injuries suffered were not compensable. The Court rejected this argument and affirmed the decision of the Workmen's Compensation Board, which had held:

The parking facilities are open to use by the buying public and persons employed at the shopping center, and while it may be said that the parking facilities are primarily for the convenience of the shoppers, they are likewise a convenience to the employers and employees doing business at the shopping center. Its use by such employ-

ees furthered the interests of their respective employers and the accident having occurred within the parking area, it is the opinion of the Board that the occurrence was a reasonable incident of the employment, and arose out of and in the course thereof.

*Id.* at 286–87. In the court's words, "... the parking lot was part of the employer's precincts although not under the employer's jurisdiction." *Id.* at 287.

We are persuaded that where a sufficient nexus exists between the injury sustained, the place where it is sustained, without regard to its ownership, control or maintenance, and the incidents of employment, the injury occurs on the "premises" of the employer and is therefore compensable. Relevant to the determination of the sufficiency of the nexus is the extent to which the nature of the business and its location contemplated or required the employee to be where the injury occurred. We hold that a shopping center parking lot over which the employer has no ownership interest or right of control is part of the "premises" of the employer for purposes of the workmen's compensation law when the parking lot is provided without restriction for the convenience of the public, the employees and the employer and is the "normal and customary means to and from [the] employer's premises to which such [parking lot is] an indispensable appurtenance". It follows that an employee injured on such parking lot while coming to or from his or her place of employment is "in the course of employment." Under these circumstances, the fact of ownership or control of the parking lot is not material; the only material issue is the limits of the employer's premises. And in this case that issue was a question of law. We discern no error in the grant of the motion for summary judgment.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.