526 A.2d 991

James Henry SMITH

v.

James Peter WARBASSE.

No. 1556, Sept. Term, 1986.

Court of Special Appeals of Maryland.

June 12, 1987.

Oren D. Saltzman (Law Offices of Jay S. Engerman, on the brief), Baltimore, for appellant.

William J. Jackson (Semmes, Bowen & Semmes, on the brief), Baltimore, for appellee.

Argued before MOYLAN, WILNER and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

James Henry Smith, appellant, was struck by a northbound car driven by James Peter Warbasse, appellee, as he attempted to cross the 3200 block of Greenmount Avenue in midblock.  He filed a negligence action in the Circuit Court for Baltimore City against appellee seeking damages for the injuries he sustained.  After discovery was completed, appellee moved for a summary judgment on the grounds that appellant was contributorily negligent as a matter of law. Referring extensively to an unreported, per curiam opinion of this Court, the trial judge granted the motion and entered judgment in favor of appellee for costs.  Appellant appealed.

The two issues presented by appellant involve the propriety of the trial court's grant of appellee's motion for summary judgment and the question whether the court's references to the unreported opinion violated Md. Rule 1092. For the reasons that follow, we will affirm.

1.

■ Contributory negligence connotes a failure to observe ordinary care for one's own safety. "It is the doing of something that a person of ordinary prudence would not do, or the failure to do something that a person of ordinary prudence would do, under the circumstances." *Menish v. Polinger Company*, 277 Md. 553, 559, 356 A.2d 233 (1976). See *Harrison v. Montgomery County Board of Education*, 295 Md. 442, 451, 456 A.2d 894 (1983); *Schear v. Motel Management Corp.*, 61 Md.App. 670, 682, 487 A.2d 1240 (1985). Its presence or absence is generally a question for the jury. *Moodie v. Santoni*, 292 Md. 582, 588, 441 A.2d 323 (1982); *Fowler v. Smith*, 240 Md. 240, 246, 213 A.2d 549 (1965); *Cohen v. Rubin*, 55 Md.App. 83, 90, 460 A.2d 1046 (1983). While meager evidence will suffice to carry the issue to the jury, *Beahm v. Shortall*, 279 Md. 321, 341–42, 368 A.2d 1005 (1977); *Curley v. General Valet Service*, 270 Md. 248, 264, 311 A.2d 231 (1973); *Fowler v. Smith*, 240 Md. at 246–7, 213 A.2d 549 (1965), a mere scintilla, amounting to no more than surmise, possibility or the conjecture, will not. *Moodie v. Santoni*, 292 Md. at 588, 441 A.2d 323; *Fowler v. Smith*, 240 Md. at 247, 213 A.2d 549.

When the issue on appeal is the propriety of a ruling on a motion for summary judgment, this Court must determine whether disputed issues of material fact exist; it may not decide those issues or determine their credibility. *May Department Stores Company v. Harryman*, 65 Md.App. 534, 538, 501 A.2d 468 (1985), *aff'd*, 307 Md. 692, 517 A.2d 71 (1986). In making that determination, we view the evidence, as revealed through the pleadings, depositions, answers to interrogatories, admissions, and affidavits, Md. Rule 2–501(e), and the reasonable inferences deducible therefrom, in the light most favorable to the party against

whom the motion is made. *Coffey v. Derby Steel Co.*, 291 Md. 241, 246, 434 A.2d 564 (1981); *Berkey v. Delia,* 287 Md. 302, 304, 413 A.2d 170 (1980); *Honaker v. W.C. & A.N. Miller Development Company,* 285 Md. 216, 231, 401 A.2d 1013 (1979); *Harryman,* 65 Md.App. at 538, 501 A.2d 468. Only if there is no genuine dispute as to any material fact and but one inference may be deducible from those facts will a motion for summary judgment be granted.

■ Appellant's deposition established the following undisputed facts. On June 9, 1985, after dark, appellant parked his automobile at the eastside curb in the middle of the 3200 block of Greenmount Avenue. From that location, there was an unobstructed view, south on Greenmount Avenue, for two to three blocks. Before leaving his car, appellant checked for oncoming northbound traffic, looking into his rearview mirror and the driver's side outside mirror. Once outside the car, his back pressed against it, appellant surveyed Greenmount Avenue to the left and to the right before proceeding to cross the street. He proceeded at a "regular stroll, casual walk", hesitating, but not stopping, when a turning vehicle proceeded south on Greenmount Avenue. He was struck in the travel portion of the northbound lane by appellee's car, which also was proceeding northbound. Appellant never saw appellee's car.

Appellee's deposition and affidavit contributed additional undisputed facts. Appellee was proceeding northbound on Greenmount Avenue at a speed of between 20 and 25 miles per hour, with his lights on and operational. As he proceeded, appellee was "glancing sideways because of my peripheral vision." He saw appellant, about 40 feet before impact, "move rapidly from the side of his car to just left of center of my lane, my driving lane...." Appellee did not sound his horn, although he tried to avoid appellant by braking and turning to his right.[1] The affidavit of a witness stated that appellee told the police officer, who investi-

---

1. Other evidence revealed that the police found no skid marks on the scene.

gated the accident, that he "looked at the Pic N' Pay Shoe store sign and when I wooked back, there he [appellant] was."

Contending that whether he was contributorily negligent requires resolution of a genuine dispute as to a material fact, appellant asserts that the trial court erred in granting appellee's summary judgment motion. He reasons:

The duty imposed on each of the individuals, the pedestrian and the driver, must be resolved by consideration of the circumstances of each case and cannot be determined based solely on prior precedent or the actions of the pedestrian alone. In fact, the evidence creates a possible inference that the pedestrian took action to protect himself prior to the collision, but that the driver acted in such a manner as to create an inference that his action or inaction was *prima facie* negligent, then it is for the jury to determine who, or what, was the proximate cause of the plaintiff's injuries.

In short, he argues that summary judgment as to the issue of contributory negligence may not be granted against the pedestrian unless summary judgment on the question of primary negligence is appropriately granted in favor of the driver, since whether a pedestrian is contributorily negligent, as a matter of law, must be determined on the basis of all of the circumstances of the case. He relies upon *Boyd v. Simpler*, 222 Md. 126, 158 A.2d 666 (1960) and *Cohen v. Rubin, supra.*

In *United States Fidelity & Guaranty Company v. Royer*, 230 Md. 50, 185 A.2d 341 (1962), the elderly pedestrian was struck, while proceeding diagonally across a roadway, after he had taken four to six steps. The evidence revealed that before leaving the curb, he looked in all directions for oncoming traffic and, "although there was nothing to prevent his seeing the vehicular traffic ..., he saw nothing." 230 Md. at 53, 185 A.2d 341. He was struck by a delivery van making a left turn. The driver of the van, who had been blinded by the morning sun, did not see the pedestrian before he struck him. Additionally, the record

contained no evidence bearing upon the primary negligence of the driver; there was, for example, no evidence as to the speed the van was traveling or the efforts the driver made to slow or stop the van upon being blinded by the sun. In upholding the trial court's grant of a directed verdict in favor of the driver, the Court of Appeals observed, at the outset, that: "Even if it is assumed without deciding, that there was sufficient evidence of primary negligence to warrant submission of that issue to the jury, it appears that the pedestrian was contributorily negligent as a matter of law." 230 Md. at 54, 185 A.2d 341. While recognizing that a pedestrian is not negligent *per se* for crossing a street between crosswalks,[2] although in doing so, he or she must use great care to protect him or herself from injury and "it is generally no excuse if he [or she] fails to see or hear approaching traffic," 230 Md. at 54, 185 A.2d 341, the Court observed:

> The Maryland cases hold that a pedestrian crossing a street between crossings is guilty of contributory negligence as a matter of law if he fails to look for vehicular traffic, or, if having looked, he fails to see an approaching vehicle.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> There are also cases holding that whenever a motor vehicle has a right-of-way, it is negligence as a matter of law for a pedestrian to leave a place of safety for a position of danger without looking for approaching traffic. *See*, for example, *Billmeyer v. State, Use of Whiteman*, 192 Md. 419, 64 A.2d 755 (1949), where it was held that when a pedestrian walks from a place of safety and keeps on walking across a town street without observing an approaching vehicle, he is guilty of negligence as a matter of law.... (some citations omitted)

---

**2.** Maryland Transportation Code Ann. § 21–503(a) provides:
  (a) If a pedestrian crosses a roadway at any point other than in a marked crosswalk or in an unmarked crosswalk at an intersection, the pedestrian shall yield the right-of-way to any vehicle approaching on the highway.

230 Md. at 55, 185 A.2d 341. The Court concluded that the pedestrian's claim of having looked for oncoming traffic on three occasions and having seen none was unworthy of consideration and, further, "the only rational conclusion reasonable minds could reach on the evidence presented is that the pedestrian, who had left a place of safety for a position of danger, was negligent as a matter of law in not yielding the right-of-way between street crossings to vehicular traffic." 230 Md. at 55, 185 A.2d 341. *See also Dix v. Spampinato*, 278 Md. 34, 37–38, 358 A.2d 237 (1976), *aff'g* 28 Md.App. 81, 344 A.2d 155 (1975); *Love v. State, Use of Nelson*, 217 Md. 290, 297, 142 A.2d 590 (1958).

*Boyd* and *Cohen* are not inconsistent. *Boyd* is distinguishable on the basis that a pedestrian is "not required to anticipate and guard against the unforeseeable conditions created by a drunken operator driving at an excessive rate of speed on the wrong side of the street." *Royer*, 230 Md. at 56, 185 A.2d 341. *Cohen* is also distinguishable. There, the pedestrian, who was in a lighted area, before proceeding to cross the street, stopped on a median strip from which he observed a vehicle two to three blocks away. When he had crossed 32 of the 34 feet to the far curb, he was struck by that vehicle, which was proceeding at 80 miles per hour in a 40 mile per hour zone. 55 Md.App. at 91, 460 A.2d 1046. The factual situation in that case is not even remotely akin to the facts *sub judice*.

Viewing the evidence and the logical and reasonable inferences deducible therefrom in the light most favorable to appellant, with appropriate deference to the authorities, we hold that the trial court correctly granted appellee's motion for summary judgment.

2.

Maryland Rule 1092, in pertinent part, provides:

\*    \*    \*    \*    \*    \*

c.  Unreported opinions.
   1.  Not precedent.

An unreported opinion of this Court is not precedent within the rule of stare decisis.

2. Citation.

An unreported opinion of this Court may be cited in this Court or the Court of Appeals for any purpose other than as precedent within the rule of stare decisis. In any other court, an unreported opinion of this Court may be cited by a court or a party only (A) when relevant under the doctrine of the law of the case, res judicata, or collateral estoppel, (B) in a criminal action or related proceeding involving the same defendant, or (C) in a disciplinary action involving the same respondent. Whenever a party cites an unreported opinion of this Court, the party shall attach a copy of it to the pleading, brief, or paper in which it is cited.

Prior to July 1, 1986, when the rule was amended, an unreported opinion of this Court could not be cited by a court or a party for any purpose in an unrelated action or proceeding. The 1986 amendment allowed citation of such opinions in this Court or in the Court of Appeals. Thus, it is well settled and has been the law for some time that this Court's unreported opinions may not be cited in a trial court except as specifically provided in the rule.

During the hearing on appellee's motion for summary judgment, after appellee had quoted from *Royer* to the effect that a pedestrian claiming to have looked and did not see what he must have seen had he looked is unworthy of consideration, the following colloquy occurred:

THE COURT: Let me hear what he has to say about this.

MR. SALTZMAN [appellant's counsel]: Your Honor, it is very clear to me there were cases that do state this, and there were cases that were mostly before 1962. One case was decided in 1976.

THE COURT: *Here's 1984, my own case, Court of Special Appeals.* (emphasis added)

MR. SALTZMAN: What's the name of it?

THE COURT: The name of the case—its unreported— *Fetterholf v. Michael James Clark.* It's a per curiam decision of November 28, 1984 by the Court of Special

Appeals,[3] affirming the granting of a Motion for Summary Judgment by this test, says the court: Appellant was crossing between intersections, he did not look to his left until immediately before he was struck, and, therefore, did not yield to oncoming traffic which he was obliged to do.

MR. SALTZMAN: The facts there are different, Your Honor. The facts in the case are similar to *Cohen v. Rubin,* which I made a copy of, and, as a matter of fact, in *Cohen v. Rubin,* a Court of Special Appeals decision, 1983—

THE COURT: The Court quotes *Cohen v. Rubin* in here and says it is entirely different. Appellant cites *Cohen v. Rubin,* 55 Md.App. 83 [460 A.2d 1046], to diffuse the fact that crossing a highway between intersections may be contributory negligence as a matter of law. His reliance thereon is misplaced. *Cohen* involved a youthful driver under the influence of alcohol, which struck a pedestrian outside of a crosswalk while racing another vehicle at a speed in excess of 80 miles per hour in Ocean City. Aside from the fact that both *Cohen* and the present case involve a collision between a vehicle and a pedestrian, no further similarity exists. This is again quoting from *Fetterholf v. Clark.*

MR. SALTZMAN: Your Honor, as you are reading the case to me, I don't see any kind of facts as to the Defendant taking his eyes off the road, the Defendant seeing the Plaintiff 40 feet from the point of impact and not doing anything about it, not in any way trying to avert the incident, not honking his horn, not doing anything to attempt to stop the collision.

Later, just prior to rendering its decision, the court stated: Well, again quoting this case I have in front of me, which is the *Fetterholf v. Clark* case, the court said this court

---

3.  Number 357, September Term, 1984.

has often held it to be contributory negligence as a matter of law for a pedestrian to leave a place of safety for a position of peril between street crossings, thereby contesting a right of way of vehicular traffic then in the street.

Appellant asserts that the trial court improperly cited an unpublished opinion of this Court and, in fact, used it as stare decisis. Moreover, he points out that he was not permitted an opportunity to review the case prior to argument. Therefore, he argues that he was prejudiced both by the court's citation of the opinion and by its use for purposes of stare decisis. He urges us to remand this case to the lower court for further proceedings.

■ Despite appellee's proffer that the court "did not rely on *Fetterholf* as stare decisis, but simply referred counsel to certain passages as correct synopses of long established legal principles", it is patent that the court violated Rule 1092 c. The opinion was not relevant under the doctrine of the law of the case, res judicata, or collateral estoppel and this is neither a criminal nor a disciplinary proceeding. Moreover, it is not at all clear that the trial court did not rely on the opinion as stare decisis. Although it is exceedingly difficult, when the case correctly states the applicable law, to draw a clear line between when an unpublished opinion is relied upon for stare decisis and when it is used as a convenient reference for the well settled principles which it cites, in this case we have no such difficulty; we are satisfied that it was the former, rather than the latter: the court's initial reference to the opinion was to rebut appellant's assertion that the cases relied upon by appellee were rather old cases, see colloquy at 632–633, *supra*, and a later one recounted the facts.

■ Having held that the court violated Md. Rule 1092, we nevertheless must affirm its decision. Our review of the record and the authorities convinces us that the trial court's ruling is correct. It would be the height of folly for us to reverse and remand for further consideration, this

case, which we know to be correct, solely on the basis of an inappropriate use of an unpublished opinion. Accordingly, we hold that the error, *under the circumstances of this case,* was harmless. This holding is not to be understood, however, as announcing a rule that any violation of Rule 1092 c. by a trial court is harmless error whenever its ruling is otherwise correct. There may be circumstances in which that would not be so. In any event, we expressly disapprove the use by trial judges of our unpublished opinions except as permitted by the rule.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.